# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BURTON BRAXTON HAGWOOD,**

       **Petitioner,**

**v.**                                         **2:06 CV 67**
                                                **(Maxwell)**

**WARDEN JOYCE FRANCIS,**

       **Respondent.**

## <u>ORDER</u>

It will be recalled that on June 26, 2006, *pro se* Petitioner Burton Braxton Hagwood instituted the above-styled civil action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

On July 3, 2006, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be denied and dismissed with prejudice.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Petitioner's Objections To Magistrate's Report And Recommendation/Opinion were filed on July 17, 2006.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on July 17, 2006, the Petitioner filed Objections To Magistrate's Report And Recommendation/Opinion. The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Petitioner objected. The remaining portions of the Report And Recommendation to which the Petitioner has not objected have been reviewed for clear error.

The Court finds that the issues raised by the Petitioner in his Objections To Magistrate's Report And Recommendation/Opinion were, with one exception, thoroughly considered by Magistrate Judge Seibert in said Report And Recommendation. The exception to which the Court refers is, of course, the Petitioner's argument that Magistrate Judge Seibert has an ongoing prejudice against him. In particular, the Petitioner places special emphasis on the fact that Magistrate Judge Seibert did not Order the Respondent to show cause in his case even though he did in other § 2241 Petitions filed by fellow prisoners who were, in fact, assisted with their Petitions by the Petitioner. In this regard, the Petitioner attaches as Exhibit A to his § 2241 Application an Order Directing Respondents To Show Cause Why Writ Should Not Be Granted entered by Magistrate Judge Seibert on June 7, 2006, in the case of Terry Dwight Sanders v. Warden Joyce Francis, 2:06 CV 51.

The Court has carefully reviewed the docket in the <u>Sanders</u> case and would note that the Order directing the Respondent to show cause therein was issued on June 7, 2006, a date prior to the June 26, 2006, filing of the Petitioner's § 2241 Petition in the instant action. Accordingly, as of July 3, 2006, when Magistrate Judge Seibert issued his Report And Recommendation in the instant action, said Magistrate Judge had already had the benefit of having researched the issues raised by Mr. Sanders in his § 2241 Petition, apparently with the assistance of the Petitioner herein, and had, accordingly, already determined that the Petitioner's § 2241 Petition was improperly filed since he had failed to demonstrate that § 2255 was an inadequate or ineffective remedy. For that reason, it was entirely appropriate for Magistrate Judge Seibert to move immediately to the entry of a Report And Recommendation rather than to enter a show cause Order.

The Court, being of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge Seibert on July 3, 2006 (Docket No. 8), be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED**, **with prejudice**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is

further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.  The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal.  In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** September   3  , 2009

_____**/S/ Robert E. Maxwell**_____
United States District Judge